IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

YAN LIN,

        Plaintiff,

    v.                                   Civil Action No. 3:24cv445

SECRETARY ALEJANDRO MAYORKAS,

        and

ATTORNEY GENERAL MERRICK
GARLAND,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Secretary Alejandro Mayorkas and Attorney General Merrick Garland's (collectively, "Defendants") Motion to Dismiss.[1] (ECF No. 6.) Plaintiff Yan Lin did not respond and the time do so has expired.

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid in the decisional process.

For the reasons that follow, the Court will grant the Motion. (ECF No. 6.)

## I. Factual and Procedural Background

### A.    Factual Allegations

Ms. Lin "is a native and citizen of China." (ECF No. 1 ¶ 3.) On November 7, 2022, the United States Citizenship and Immigration Services ("USCIS") "received [the] I-730, Refugee/Asylee Relative Petition [that] Ms. Lin filed for her spouse in the US, Shao Yu Zhu",

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

receipt number SRC2305950218.  (ECF No. 1 ¶ 8.)  Ms. Lin asserts that she "meets the criteria and [] has submitted all the necessary documents and information along with [the] I-730 petition." (ECF No. 1 ¶ 11.)  However, she asserts that "USCIS has not issued any notice scheduling [an] interview or requesting additional evidence" despite being "in possession of all the information needed to adjudicate Ms. Lin's I-730 petition." (ECF No. 1 ¶¶ 11–12.)

**B.      Procedural Background**

On June 17, 2024, Plaintiff Yan Lin filed a three-count Complaint, allegations violations of the Administrative Procedure Act, the Due Process Clause of the United States Constitution, and "irreparable harm." (ECF No. 1, at 3–5.)  Ms. Lin asks the Court to order Defendants "to adjudicate [her] Refugee/Asylee Relative Petition, I-730, forthwith[.]" (ECF No. 1, at 5.)

On August 30, 2024, Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  (ECF No. 6.)  On September 4, 2024, this Court entered a Notice informing Ms. Lin that "an opposing party has filed a motion to dismiss that, if granted, could result in the dismissal of some or all of Plaintiff's claims", "that Plaintiff is entitled to file a response opposing the motion **within twenty-one (21) days** of the filing date of this Notice", and "that the Court could dismiss some or all of Plaintiff's claims on the basis of the moving party's papers if Plaintiff does not file a response." (ECF No. 9, at 1 (emphasis in original).)  Ms. Lin did not file a response, and the time to do so has expired.

## II.  Standard of Review

Federal district courts are courts of limited subject matter jurisdiction.  *United States ex rel. Vuyvuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobile Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005)).  This Court must, as a result, determine whether it has jurisdiction over the claims at issue.  *See Steel Co. v. Citizens for a Better Env't*,

2

523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s]' from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . ." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the plaintiff, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 US. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) can attack subject matter jurisdiction in two ways. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting that the complaint fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, a court assumes the truth of the facts alleged by the plaintiff. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

Alternatively, a Rule 12(b)(1) motion may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, because a party challenges the court's "very power to hear the case," the trial court is free to weigh evidence to determine the

existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219.

Here, the Motion to Dismiss seeks to dismiss Ms. Lin's Complaint for lack of subject matter jurisdiction apart from the pleadings, on the grounds that Ms. Lin's Complaint is moot because "her I730 – Refugee Asylee Relative Petition has been approved." (ECF No. 7, at 3.) In such a case, because a party challenges the court's "very power to hear the case," the trial court is free to weigh evidence to determine the existence of jurisdiction. *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338 (quoting *Mortensen*, 549 F.2d at 891). No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *See id.*; *see also Adams*, 697 F.2d at 1219.

### III. Analysis

Because Ms. Lin's claim is moot, the Court lacks subject matter jurisdiction over her Complaint. As a result, the Court will grant Defendants' Motion to Dismiss. (ECF No. 6.)

### A.    Standard of Review: Mootness

"'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.'" *Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)) (alteration in original). "When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v.*

4

*Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs.*, 789 F.3d 475, 482 (4th Cir. 2015). Put differently, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

### B.   The Court Will Dismiss Ms. Lin's Complaint for Mootness

Defendants contend that Ms. Lin's "claim is moot, and the Court thus lacks jurisdiction over her Complaint, because her I730 – Refugee Asylee Relative Petition has been approved." (ECF No. 7, at 3.) In support of this assertion, Defendants attach as an exhibit a July 22, 2024 approval notice issued by USCIS showing that Ms. Lin's I730 – Refugee Asylee Relative Petition, receipt SRC2305950218, was approved. (ECF No. 7-1, at 2 (stating "Your Refugee/Asylee Relative Petition for the family member listed on this notice has been approved".)

Ms. Lin's Complaint asks the Court to order Defendants "to adjudicate [her] Refugee/Asylee Relative Petition, I-730, forthwith[.]" (ECF No. 1, at 5.) On July 22, 2024, USCIS approved Ms. Lin's Refugee Asylee Relative Petition. Thus, Ms. Lin has "receive[d] the relief . . . she sought to obtain through the claim", rendering the case moot. *Simmons*, 634 F.3d at 763. As a result, the Court lacks subject matter jurisdiction over the case. *Porter*, 852 F.3d at 363 ("When a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'") (internal citation omitted). Accordingly, the Court will grant Defendants' Motion to Dismiss. (ECF No. 6.)

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss, (ECF No. 6), and will dismiss with prejudice Ms. Lin's Complaint in its entirety.

An appropriate order shall issue.

Date: 1|21|25
Richmond, Virginia

_____ /s/
M. Hannah Lauck
United States District Judge

6